IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHEAL VICTOR NIGRO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSEPH M. ARPAIO, ) <br> ) <br> Defendant. ) <br> _____ ) | CIV 05-02739 PHX NVW (MEA) <br><br> REPORT AND RECOMMENDATION <br> FOR DISMISSAL WITHOUT <br> PREJUDICE |

Plaintiff, while an inmate at the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 8, 2005. On February 9, 2006, the Court issued an order directing monthly payments be made from Plaintiff's inmate account and sent a copy of the payment order to Plaintiff. The Court's order also required Plaintiff to complete and return a service packet for Defendant to the Court by March 1, 2006.

Plaintiff was apparently released from the custody of the Maricopa County Sheriff's Department prior to February 17, 2006.[1] See Docket No. 5. Plaintiff has not provided the Court with his current address.

---

[1] Because Plaintiff was released from custody, Plaintiff is obligated to pay the filing fee for his section 1983 action within one month of being released from custody.

1    Rule 3.4, Local Rules of Civil Procedure for the United
2 States District Court for the District of Arizona requires
3 prisoner-litigants to comply with instructions attached to the
4 Court-approved complaint form for use in section 1983 actions.
5 Those instructions provide: "You must immediately notify the
6 clerk ... in writing of any change in your mailing address.
7 Failure to notify the court of any change in your mailing
8 address may result in the dismissal of your case."

9    Plaintiff was warned that failure to file a notice of
10 change of address or to otherwise comply with the Court's orders
11 could result in the dismissal of his suit.  Plaintiff has not
12 filed a notice of change of address and mail sent to his last
13 known address was returned.  An order to show cause why this
14 action should not be dismissed for failure to serve the
15 defendant or for failure to prosecute would be futile.  <u>See</u>
16 <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988) (stating that
17 "[a]n order to show cause why dismissal is not warranted or an
18 order imposing sanctions would only finding itself taking a
19 round trip tour through the United States mail).

20    **THEREFORE, IT IS RECOMMENDED that** Plaintiff's complaint
21 be **dismissed without prejudice** for Plaintiff's failure to comply
22 with Rule 3.4, Local Rules of Civil Procedure for the United
23 States District Court for the District of Arizona and Rule
24 41(b), Federal Rules of Civil Procedure.

25    DATED this 10th day of April, 2006.

26
27                                    _____
                                          Mark E. Aspey
28                                    United States Magistrate Judge

-2-